## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

Adam John Robert Farrar
Plaintiff,

v.

THE STATE OF MISSOURI
(State), Andrew Bailey, in his
official capacity as Attorney
General of the State of Missouri,
Eric T. Olsen, in his official
capacity as Superintendant of the
Missouri State Highway Patrol,
(collectively, Defendants)

Civil No:

Date:_____

## COMPLAINT PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.

I. PARTIES.

1. Plaintiff is a federal citizen born in the State of Missouri.

2. Andrew Bailey is the Attorney General of the State of Missouri who is tasked to enforce Missouri law.

3. Eric T. Olsen is the Superintendant of the Missouri State Highway Patrol who is tasked to enforce Missouri law.

II. JURISDICTION, VENUE, AND BASIS FOR RELIEF.

4. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343; Venue under 28 U.S.C. §1391; and Plaintiff is entitled to the requested relief under 42 U.S.C. §1983.

5. A "recurring issue... is determining when the threatened enforcement of a law creates Article III injury." quoting Susan B. Anthony List, 573 U.S. at 158.

6. "An allegation of future injury may suffice if the

threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." Yellen, 39 F.4th at 1068 (quoting Susan B. Anthony List, 573 U.S. at 158).

7. "When an individual is subject to such a threat, an actual arrest, prosecution, or other enforcement action is not a pre-requisite to challenge the law." Susan B. Anthony List, 573 U.S. at 158.

8. "A plaintiff claiming an abridgment of free speech is permitted to seek pre-enforcement review 'under circumstances that render the threatened enforcement **sufficiently imminent.**'" Sch. of the Ozarks, Inc. v. Biden, 41 F.4th 992, 1000 (8th Cir.2022) (emphasis added)(quoting Susan B. Anthony List, 573 U.S. at 159.

9. "In a pre-enforcement suit..., a plaintiff satisfies the injury-in-fact requirement, and thus has standing, where it alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." Turtle Islands Foods, 992 F.3d at 699 (cleaned up).

III. NATURE OF THE CASE.

10. In 2016 Plaintiff pled guilty to 18 U.S.C. §2251(a), a sex offense requiring Plaintiff to register as a sex offender.

11. Plaintiff will be **required** to register as a sex offender pursuant to RSMo 589.400.

12. Pursuant to RSMo 589.407(1) Plaintiff will be required to notify the chief law enforcement official if he establishes or changes his online identifiers as defined in Section 43.651 of the Rivised Statutes of Missouri.

13. RSMo 589.414 requires Plaintiff to report in-person within

2

three (3) business days any change or addition to his online identifiers or face criminal sanctions, which chills his First and Fourteenth Amendment activity.

14. Plaintiff's free speech is substantially burdened by disclosure law RSMo 589.407(1).

15. RSMo 589.407(1) burdens Plaintiff's right to free speech; by compelling him to disclose to the State all of his email addresses, social media accounts, and any other internet communication identifiers (such as the name Plaintiff uses if Plaintiff comments on Amazon.com, CNN.com, or any other of the many websites used by the public today, for example), the law chills and inhibits Plaintiff's right to speak freely on the Internet and to do so anonymously if Plaintiff wishes in violation of Plaintiff's First And Fourteenth Amendment right to freedom of speech pursuant to the U.S. Constitution.

16. If Plaintiff fails to comply with RSMo 589.407(1) he will be committing a failure to report/register criminal offense under RSMo 589.425 punishable as a class E or class D felony.

17. Subsequent failures to report/register due to non-compliance have increased punishments that can result in a minimum of a 10-year term of incarceration.

18. The State of Missouri will prosecute Plaintiff criminally pursuant to RSMo 589.425 if he does not disclose his online identifiers, or fails to report changes or additions to his online identifiers, pursuant to RSMo 589.414.

19. Plaintiff is not free to ignore RSMo 589.407(1): non-compliance will result in criminal sanctions.

20. Plaintiff is forced by the State of Missouri to disclose

information or be prosecuted with a misdemeanor/felony.

21. The Ninth Circuit Court of Appeals in Doe v. Harris, 772 F.3d 563, 578 (9th Cir.2014) affirmed the district court's decision to enjoin law enforcement in the State of California from requiring registered sex offenders to report their internet identifiers because it unnecessarily chilled protected speech.

22. The State of Missouri is bound by Art.IV, §1 of the U.S. Constitution to apply the full faith and credit of the holding in Doe v. Harris to Plaintiff, that the compelled disclosure of online identifiers; violates the First And Fourteenth Amendments to the U.S. Constitution.

23. The United States District Court for the State of Connecticut in Cornelio v. Connecticut, No.3:19-cv-1240 (JAM), (D.Conn. Sept.14,2023) held that it was unconstitutional under the First Amendment to compel Cornelio (that Plaintiff) to disclose his online identifiers.

24. The State of Missouri is bound by Art.IV, §1 of the U.S. Constitution to apply the full faith and credit of the holding in Cornelio v. Connecticut to Plaintiff, that the compelled disclosure of online identifiers violates the First Amendment to the U.S. Constitution.

25. Plaintiff asserts that RSMo 589.407(1) does not advance the purpose of the law, nor does it or will it increase public safety.

26. Plaintiff asserts that RSMo 589.407(1) disclosure law does not prevent or stop criminal conduct.

27. Plaintiff asserts that RSMo 589.407(1) does not have a deterrent affect on preventing future crime.

4

28. Plaintiff asserts that the State must justify the law; the Defendants must show that RSMo 589.407(1) advances an important government interest that is unrelated to the suppression of free speech, and that RSMo 589.407(1) does not burden substantially more speech than to further the government's interest.

29. Plaintiff asserts that the Defendants cannot show that there is any evidence-based showing of a causal nexus between the disclosure requirement in RSMo 589.407(1) and the important government interest that requiring Plaintiff to disclose his online identifiers and other communication identifiers actually prevents crime, deters crime, or protects children and the public.

30. RSMo 589.407(1) compells Plaintiff to disclose information or be prosecuted with criminal sanctions.

31. RSMo 589.407(1) chills Plaintiff in speaking online, as engaging in speech under any undisclosed online identifier will result in criminal sanctions.

32. RSMo 589.407(1) prevents Plaintiff from speaking anonymously online and faces criminal sanctions if he were to use an online identifier undisclosed to the State.

33. Plaintiff will face irreparable injury as RSMo 589.407(1) disclosure law burdens his ability to engage in lawful and uninhibited communication over he internet.

34. Plaintiff may self-censor rather than risk the perils of criminal sanctions, which creates a potential for extraordinary harm and a serious chill upon protected speech.

35. Plaintiff's First and Fourteenth Amendment speech interests weigh far more heavily than the State's interest in compelling disclosure of information that fails to show advances

an important government interest.

36. Plaintiff asserts that the public interest would not be disserved if the State is unable to enforce the speech-burdening law RSMo 589.407(1), which does not serve its stated interest.

37. Plaintiff asserts that the public interest favors the exercise of First Amendment rights.

38. RSMo 589.407(1) impermissibly restricts lawful speech in violation of the First and Fourteenth Amendments under the reasoning set forth on Packingham v. North Carolina, 582 U.S. 98 (2017), Doe v. Harris, 772 F.3d 563, 578 (9th Cir2014), and Cornelio v. Connecticut, No.3:19-cv-1240 (JAM)(D.Conn.Sept.14,2023).

IV. SHORT AND PLAIN STATEMENT OF THE CLAIM.

39. As a felon convicted of a sex offense Plaintiff will be required to comply with RSMo 589.407(1) which compells him to disclose all of his online identifiers or face criminal sanctions by the State of Missouri in violation of his First And Fourteenth Amendment right to freedom of speech as RSMo 589.407(1) compels Plaintiff to speak, chills Plaintiff's ability to speak, and prevents/punishes Plaintiff's right to speak anonymously.

V. RELIEF.

40. Plaintiff seeks a Declatory Judgment of his First and Fourteenth Amendment right to freedom of speech, and a permanent injunction against the State of Missouri from enforcing RSMo 589.407(1) as-applied to Plaintiff.

VI. JURY DEMAND.

41. Plaintiff does not seek a jury trial.

Respectfully Submitted,

_____

Adam Farrar,     Pro Se

6

VERIFICATION

I have read the foregoing COMPLAINT PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION and hereby verify that the matters alleged herein and true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this __11__ day of _November_, 2024.

_____
Adam Farrar,       Pro Se

CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury and in compliance with 28 U.S.C. § 1746 that a true and correct copy of the COMPLAINT PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION were sent via United States Postal Service, postage pre-paid, to Clerk of the Court, 111 S 10th Street, St.Louis, Missouri 63102 on this __11__ day of _November_, 2024.

_____
Adam Farrar, Pro Se
Reg.No. 42391-044
FCC Forrest City LOW
P.O. Box 9000
Forrest City,AR 72336

Adam Farrar asks this Court's Clerk to serve all other intersted parties pursuant to the PLRA and to serve Farrar with a stamped and filed copy of this Complaint.