UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM JOHN ROBERT FARRAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01554-HEA |
| | ) |
| THE STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

Plaintiff Adam John Robert Farrar, a self-represented litigant, brings this action under 42 U.S.C. § 1983 challenging a portion of Missouri's sex offender registration requirements under the First Amendment. Along with his complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). For the reasons set forth below, the Court grants the Application, assesses an initial partial filing fee of $1.00, directs the Clerk of Court to issue process on Defendants Andrew Bailey and Eric T. Olsen in their official capacities, and dismisses Plaintiff's claims against the State of Missouri.

### I.    Application to Proceed Without Prepaying Fees or Costs

To proceed in federal court without prepaying fees or costs—a status commonly known as *in forma pauperis* or "IFP"—a non-prisoner litigant must file a motion and an affidavit demonstrating the litigant's inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the

complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of the preceding month's income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not provided an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, his motion reflects that he has no income or assets. Accordingly, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## II. Legal Standard on Initial Review

Because Plaintiff is proceeding IFP, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person

under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *see White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, support a plausible claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III.  Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Missouri, Missouri Attorney General Andrew Bailey, and Superintendent Eric T. Olsen of the Missouri State Highway Patrol. He alleges that because he pled guilty to a federal sex offense, he will be required to register

3

as a sex offender in Missouri upon release from custody. He specifically challenges Missouri Revised Statute § 589.407(1), which requires registrants to disclose all online identifiers, including email addresses, social media accounts, and usernames, within three business days of any change. Mo. Rev. Stat. §§ 43.651(4), 589.407(1), 589.414.

Plaintiff asserts that the online-identifier requirement, as applied, violates his First Amendment rights by impermissibly burdening his ability to speak freely and anonymously online. He claims that because noncompliance is punishable as a felony, the provision chills his ability to engage in protected expression. Plaintiff seeks declaratory and injunctive relief prohibiting the enforcement of Mo. Rev. Stat. § 589.407(1) against him.

### IV.     Discussion

#### A.     The State of Missouri

The Eleventh Amendment bars suits by private citizens against a state in federal court absent the state's consent or a valid congressional abrogation. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Furthermore, a state is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court dismisses Plaintiff's claims against the State of Missouri.

#### B.     Defendants Bailey and Olsen

An official-capacity claim against an individual is treated as a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). However, unlike claims brought directly against the State, the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials acting in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908).

At this stage, Plaintiff has adequately alleged Article III standing. He asserts that Mo. Rev. Stat. § 589.407(1) requires him to disclose his online identifiers under threat of felony prosecution after release from custody. In the First Amendment context, a credible threat of enforcement satisfies the injury-in-fact requirement for pre-enforcement review. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). And because both the Attorney General and the Superintendent of the Missouri State Highway Patrol have authority to enforce Missouri's criminal laws, they are proper defendants for purposes of prospective injunctive relief. *See Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005).

The same allegations support a plausible First Amendment claim. While the Eighth Circuit has generally upheld sex offender registration and notification laws against various constitutional challenges, it has not specifically addressed the online-identifier requirement in the First Amendment context. Other courts to consider this question have found such laws constitutionally suspect. *See, e.g., Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014). Given the lack of binding precedent directly on point, and the plausibility of the alleged constitutional injury, Plaintiff's claims against Defendants Bailey and Olsen in their official capacities are sufficient to survive initial screening.

## V.     Conclusion

For the foregoing reasons, the Court grants Plaintiff's Application to Proceed Without Prepaying Fees or Costs and directs the Clerk of Court to issue process on Defendants Bailey and Olsen in their official capacities only. The Court dismisses all claims against the State of Missouri under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Defendants Andrew Bailey and Eric T. Olsen in their official capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the State of Missouri are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

An Order of Partial Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 22nd day of August, 2025.

                                            HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE